**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

NORMA MARTINEZ

    Plaintiff,

       v.                            CIVIL NO. 05-2053 (PG)

SCOTIABANK DE PUERTO RICO

    Defendant.

**OPINION AND ORDER**

Before the Court is defendant's Motion to Dismiss (Docket No. 19.) Defendant basically argues that plaintiff's complaint is time-barred because she failed to file suit within the 90 days of receipt of the Notice of the Right to Sue letter issued by the Equal Employment Opportunity Commission ("EEOC"). (Id.) Plaintiff opposes defendant's motion arguing it timely filed the complaint. (Docket No. 23.) Plaintiff proffers copy of the EEOC's Notice of Right to Sue letter which was issued on June 28, 2005. (Id., Exhibit 1.)

Plaintiff timely filed suit on September 29, 2005. However, plaintiff's counsel failed to electronically file the complaint on the CM/ECF system within the 24-hour period contemplated by the Manual for Civil and Criminal Cases[1]. Accordingly, on October 14, 2005, the Court dismissed the case without prejudice. (Docket No. 1.) Two days later, plaintiff moved for reconsideration asking the Court not to penalize his client for his mistake, vacate the judgment, and sanction him instead. (Docket No. 2.) He also electronically filed the complaint in compliance with the Manual. (Docket No. 3.) The Court granted the request and

---

[1] See Standing Order No. 1, In the matter of Electronic Case Filing, Misc. No. 03-149 (HL); Manual for Civil and Criminal Cases, § II(B)(2)(a)(ii), *available at* http://www.prd.uscourts.gov/usdcpr/pdf/proc_manual_cm_ecf.pdf.

Civil No. 05-2053 (PG)                                                    Page 2

vacated the Judgment. Plaintiff's attorney was not sanctioned but warned

that any further failure to comply with rules and orders would be

sanctioned. (Docket No. 4.)

        Defendant argues that even if plaintiff timely filed the complaint

on September 29, 2006, pursuant to Chico-Velez v. Roche Products, Inc.,

139 F.3d 56 (1st Cir. 1998), the dismissal without prejudice did not toll

the 90 day filing period. Accordingly, the electronically filed complaint

on October 16, 2005 is time-barred inasmuch as it was filed beyond the

90 day period. Plaintiff argues that the Chico-Velez's holding does not

apply to this case.

        In Chico-Velez the Court of Appeals held that "dismissal of the

original suit, even though labeled as without prejudice, nevertheless may

sound the death knell for the plaintiff's underlying cause of action if

the sheer passage of time precludes the prosecution of a **new action**."

Id., at 59 (emphasis ours). The result was that "the dismissal without

prejudice of Chico-Velez's first action doomed his ADA claim because the

ninety-day filing period had run." Id.

        The Court has reviewed the Chico-Velez case and agrees with

plaintiff that it should not apply to this case. In Chico-Velez the

                    "district court, ... afforded Chico-Vélez numerous
                    warnings  and  extended  several  deadlines  to
                    accommodate him. When the plaintiff nevertheless
                    failed either to obtain another lawyer or to
                    proclaim a desire to proceed pro se, Judge Fusté
                    dismissed the suit for want of prosecution. In this
                    order,  filed  on  September 19,  1996,  the judge
                    declared that the dismissal would operate without
                    prejudice. ... The plaintiff did not appeal from
                    the order of dismissal, but, rather, secured new
                    counsel and filed a new action in the district
                    court on December 27, 1996.

Id., at 58.

        Here, the dismissal was not for want of prosecution. Secondly,

Civil No. 05-2053 (PG)                                                    Page 3

plaintiff promptly moved for reconsideration of the Court's order. Thirdly, plaintiff did not file a new action, he simply moved to vacate the judgement. Lastly, the Court granted the request and vacated the judgment dismissing with prejudice.  Therefore, the Court finds that the circumstances surrounding the dismissal without prejudice in this case are completely different to the circumstances and considerations present in <u>Chico-Velez</u>.  Indeed, the Court understands that the fact that plaintiff's counsel failed to comply with the CM/ECF requirement of electronically filing the complaint should not be reason in and of itself to close the Court door to plaintiff.

Having carefully reviewed the record, the Court finds that plaintiff's complaint is not time-barred.

WHEREFORE, defendant's Motion to Dismiss (Docket No. 19) is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 16, 2006.

S/JUAN M. PEREZ-GIMENEZ
U. S. DISTRICT JUDGE